UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-6104-MWF (JCx)  **Date:**  March 8, 2019
**Title:**  Jose Fernandez, et al. v. Bank of America, N.A., et al.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: ORDER TO SHOW CAUSE RE: RECONSIDERATION [57]

    This Court previously denied Plaintiff's request for FLSA conditional certification. Based on a new Ninth Circuit opinion, the Court ordered additional briefing on whether the Court's denial should be reconsidered and reversed. Having now reviewed the additional briefing, the Court determines that its prior ruling must be reversed and that Plaintiffs' request for certification should be granted.

    Specifically, before the Court is an Order to Show Cause re: Reconsideration (the "OSC"), issued on February 1, 2019. (Docket No. 57). In the OSC, the Court ordered Defendants Bank of America, N.A. and Bank of America Corporation (together "Bank of America") to show, in writing, why the requested conditional certification should not be granted. (*Id.*). Bank of America filed a response on February 15, 2019 ("Bank of America's Response"). (Docket No. 58). Plaintiffs Jose Fernandez, Alex Yong, and Joshua Boswell filed their own reply on February 20, 2019 ("Plaintiffs' Reply"). (Docket No. 59). The Court has read and considered the papers filed in connection with the OSC, Bank of America's Response, and Plaintiffs' Reply.

    For the reasons discussed below, the OSC is not discharged and the Court will reconsider its November 27th Order. In light of the Ninth Circuit's decision in *Campbell*, the Court concludes that conditional certification of the collective action is appropriate.

---

**CIVIL MINUTES—GENERAL**   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6104-MWF (JCx)                              Date:  March 8, 2019
Title:     Jose Fernandez, et al. v. Bank of America, N.A., et al.

## I.   BACKGROUND

The Court's Order on November 27, 2018, denying Plaintiffs' Motion for Rule 23 Class Certification and Motion for FLSA Conditional Certification (the "November 27th Order"), contained a detailed explanation of the relevant facts.  (Docket No. 46). Relevant to the current OSC is the denial of conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*

In the November 27th Order, the Court analyzed Plaintiffs' putative nationwide class of "similarly situated" individuals, defined as follows:

> All persons who currently or formerly worked for [Bank of America] at its financial centers in the United States of America selling or originating mortgages at any time beginning August 17, 2014 until the date of judgment after trial, and who were classified as exempt from overtime.

(November 27th Order at 20).

The Court noted that Plaintiffs had argued that the putative class is "a group of similarly situated individuals who were all victims of the same [Bank of America] plan, policy[,] and procedures for [lending officer's] compensation."  (*Id.* at 23).  The Court further noted that Plaintiffs had relied upon the facts that lending officers "working at financial centers were misclassified as exempt from overtime"; pointed to various employment exemptions that may be applicable to the lending officers; and that Bank of America's reclassification in November 2016 of certain lending officers as evidence that they "were never exempt" in the first place.  (*Id.*).

In rejecting Bank of America's argument that a stricter standard of scrutiny for conditional certification should apply, the Court concluded that a less exacting standard was more appropriate.  (*Id.*).  Under that standard, the Court looked at the pleadings, affidavits, and the limited available evidence submitted by the parties to determine whether Plaintiffs' purported class of lending officers is a "similarly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6104-MWF (JCx) | **Date:** March 8, 2019 |
| **Title:** Jose Fernandez, et al. v. Bank of America, N.A., et al. | |

situated" group. (*Id.* at 21). And in so doing, the Court concluded that it was not. (*Id.* at 26).

The Court noted that the determination of Plaintiffs' contemplated class of "similarly situated" lending officers hinges on, among other factors, whether Bank of America misclassified individual lending officers, how Bank of America misclassified them (*i.e.*, under what exemption), and a comprehensive review of the individual service agreement lending officers had with their respective financial center. (*Id.* at 23–24). The Court viewed this determination to be "a highly individualized inquiry into daily job responsibilities of each lending officer" that makes conditional certification of a collective action inappropriate. (*Id.* at 2).

On December 26, 2018, Plaintiffs requested that the Court certify the November 27th Order pursuant to 28 U.S.C. § 1292(b) so that they could pursue an interlocutory appeal of the conditional certification denial. (Docket No. 51).

On February 1, 2019, the Court concluded that the new authority cited by Plaintiffs, *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), appeared to justify reconsideration of the denial and, indeed, the granting of the requested conditional certification. Therefore, the Court ordered Bank of America to respond to the OSC. The Court also denied as moot Plaintiffs' request for certification for an interlocutory appeal.

## II. DISCUSSION

Bank of America offers two arguments as to why reconsideration of the November 27th Order is not warranted: (1) *Campbell* involved a different procedural posture and materially different facts, and (2) Bank of America has entered into a settlement agreement that covers the overtime claims of the vast majority of putative collective members. (Bank of America's Response at 3–8). The Court disagrees and finds both reasons unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-6104-MWF (JCx)          Date: March 8, 2019
Title:     Jose Fernandez, et al. v. Bank of America, N.A., et al.

### A. *Campbell* Not Distinguishable

Bank of America first argues that *Campbell* is distinguishable for two reasons:

***First***, Bank of America argues that the Ninth Circuit in *Campbell* considered whether to affirm a decision ***decertifying*** collective treatment of the overtime claims of police officers, which does not apply to ***conditional certification*** of a collective action, as here. (*Id.* at 3–4). The Court disagrees.

As a preliminary matter, the FLSA does not define the term "similarly situated." Therefore, the Ninth Circuit, considering the term "similarly situated" in light of the FLSA's goals, explained as follows:

> [The FLSA's] goal is only achieved—and, therefore, a collective can only be maintained—to the extent party plaintiffs are alike in ways that matter to the disposition of their FLSA claims. If the party plaintiffs' factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment.

*Campbell*, 903 F.3d at 1114 (internal citations and emphasis omitted).

Accordingly, putative plaintiffs "may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. The Ninth Circuit's analysis, as pointed out by Plaintiffs, is a general statutory construction of the term "similarly situated" under the FLSA. (*See* Plaintiffs' Reply at 4).

Indeed, several district courts—citing to *Campbell*—have already recognized the Ninth Circuit's construction of the term "similarly situated" as applicable equally to both steps of the collective certification process (*i.e.*, conditional certification and decertification). *See, e.g.*, *Smothers v. NorthStar Alarm Servs., LLC*, No. 17-cv-548-KJM, 2019 WL 280294, at *8 (E.D. Cal. Jan. 22, 2019) ("Thus, at this preliminary stage, there is sufficient evidence that the putative 'party plaintiffs are alike in ways

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6104-MWF (JCx)                     Date:  March 8, 2019
Title:     Jose Fernandez, et al. v. Bank of America, N.A., et al.

that matter to the disposition of their FLSA claims,' as they held similar jobs with similar functions and were uniformly subject to NorthStar's compensation policies that led to the alleged FLSA violations here . . . .") (citation omitted); *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-cv-4456-PJH, 2018 WL 6727825, at *6 (N.D. Cal. Dec. 21, 2018) (concluding that if a plaintiff "makes a plausible showing" that *Campbell*'s "similarly situated" standard is satisfied at the first step, then collective certification should be granted) (citation omitted).

*Second*, Bank of America argues that to the extent the Ninth Circuit explained that what is important is "a legal or factual similarity material to the resolution of the party plaintiffs' claims," Plaintiffs here cannot point to any material similarity between themselves and other lending officers. (*Id.* at 5–6). The Court again disagrees.

Plaintiffs argued, in their prior Motion for FLSA Conditional Certification, that the group of lending officers is "similarly situated" because that group consists of members who were "subject to a common plan, policy and practice [by Bank of America relating to] common overtime violation under the FLSA . . . ." (*See* Docket No. 37). In addition, Plaintiffs also point to evidence showing that Bank of America's financial center lending officers were subject to a uniform compensation plan, had similar jobs with similar functions, spent more than half their time working in their assigned offices rather than performing outside sales, and until November 2016 were uniformly treated as exempt from overtime. (Plaintiffs' Reply at 4 (citation omitted)). In other words, as the Court previously noted, the alleged practice of Bank of America is similar enough to the alleged practice of the Los Angeles Police Department in *Campbell* that conditional certification is appropriate.

And in applying a "plausibility" standard to the question whether employees are "similarly situated" for purposes of preliminary certification, the Court concludes that there is sufficient evidence that putative collective members are "alike in ways that matter to the disposition of their FLSA claims" and there are "similar issue[s] of law or fact material to the disposition of their FLSA claims." *See Campbell*, 903 F.3d at 1117; *see also Kempen v. Matheson Tri-Gas, Inc.*, No. 15-cv-660-HSG, 2016 WL 4073336, at *4 (N.D. Cal. Aug. 1, 2016) (conditionally certifying FLSA collective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6104-MWF (JCx)                    Date:  March 8, 2019
Title:    Jose Fernandez, et al. v. Bank of America, N.A., et al.

action where the plaintiff alleged that "non-exempt delivery drivers were subject to a common policy instituted by [the defendant] that did not factor in bonus pay into the putative class's overtime pay rate").

In sum, the Court is not persuaded by Bank of America's argument that *Campbell* involved a different procedural posture and contained materially different facts to make it distinguishable here.

### B.     Settlement Agreement Not Relevant

Bank of America next argues that even if the Court were to grant conditional certification, "such a ruling would have only limited effect because [Bank of America] has entered into a class and collective action settlement in a different case that covers . . . the vast majority of [lending officers] who would be eligible to participate as members of any collective action in this case." (Bank of America's Response at 7). Bank of America specifically points to *Flanagan v. Bank of America* (No. 613647/2018), a pending case in the New York Supreme Court.  (*Id.*).  In *Flanagan*, Bank of America has filed a motion for preliminary approval of the class and collective action settlement on January 23, 2019, and noted that settlement covers all but approximately 100 lending officers nationwide.  (*Id.* at 7–8).  Bank of American finally contends that it "would be inefficient and potentially confusing to [lending officers] to receive two separate notices, regarding two separate cases" and, therefore, the Court should defer any ruling.  (*Id.* at 8).

Plaintiffs argue, and the Court agrees, that there is no compelling reason to delay a ruling on the collective certification.  (Plaintiffs' Reply at 7).  *Campbell* generally requires a court to certify a collective action and order notice be sent to putative collective members "regardless of whether the putative collective members are contractually prohibited from joining the collective or contractually required to arbitrate individually."  *See Campanelli*, 2018 WL 6727825, at *8.

Moreover, it was not until its response to the OSC that Bank of America disclosed, for the very first time, several other related pending actions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6104-MWF (JCx)                **Date:** March 8, 2019
**Title:**   Jose Fernandez, et al. v. Bank of America, N.A., et al.

- *Tripes v. Bank of America*, No. 3:18-cv-1250-JM (S.D. Cal.), which commenced June 12, 2018;

- *Flanagan*, which commenced on July 17, 2018;

- *Ricciardi v. Bank of America*, No. 18-cv-11629 (D. Mass), which commenced on August 2, 2018; and

- *Veritas v. Bank of America*, No. ESX-L-6242-18 (Superior Court of New Jersey, Essex County), which commenced on December 3, 2018.

(*See* Declaration of Adam P. KohSweeney ("KohSweeney Decl.") ¶ 3, Ex. A).

It does appear that Bank of America violated Local Rule 83-1.4.1, which requires the filing of a "Notice of Pendency of Other Actions or Proceedings". Plaintiffs assert in a pending motion for sanctions that failure to disclose these proceedings before now is a serious breach of Bank of America's duties to the Court. For now, it is sufficient that the Court will not allow this tardy disclosure to delay an otherwise meritorious certification.

Accordingly, the Court will turn to the issue of notice.

### C.     Notice to Putative Collective Action Members

Under the FLSA, an employee may bring a collective action on behalf of "similarly situated" employees based on their employer's alleged violations of the FLSA but any "similarly situated" employee must give consent in writing to become a party plaintiff to the action." *See* 29 U.S.C. § 216(b); *Does 1 thru XXIII* v. *Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). To facilitate this process, a district court may authorize the named plaintiff in a FLSA collective action to send notice to all putative plaintiffs, and may set a deadline for plaintiffs to join the suit by filing consents to sue. *Advanced Textile Corp.*, 214 F.3d at 1064 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–72 (1989)). The FLSA requires the district court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6104-MWF (JCx)                              Date:  March 8, 2019
Title:    Jose Fernandez, et al. v. Bank of America, N.A., et al.

provide putative plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

As for the form of notice, the Supreme Court stated in *Hoffmann-La Roche* that "in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Id.* at 174. "To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* Notice has the "purpose of providing potential plaintiffs with a neutral discussion of the nature of, and their rights in, the action." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007).

With these principles in mind, the parties are **ORDERED** to meet and confer to discuss the content of the notice form and opt-in period and then make the filing(s) specified below.

### III.   CONCLUSION

For the reasons discussed above, Bank of America has failed to show cause why the Court should not reconsider its November 27th Order. Reconsidering that Order, Plaintiffs' Motion for Rule 23 Class Certification and Motion for FLSA Conditional Certification is now **GRANTED *in part*** as to Plaintiffs' requested conditional certification.

After the parties have met and conferred, they are **ORDERED** to submit a joint notice form and agreement on the opt-in period by **March 22, 2019**. If the parties cannot agree, they are **ORDERED** to submit competing proposals by that date.

IT IS SO ORDERED.