Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, SBN 303056
(gl@haffnerlawyers.com)
**HAFFNER LAW PC**
445 South Figueroa St., Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Paul Stevens, SBN: 207107
(pstevens@stevenslc.com)
**STEVENS, L.C.**
700 S. Flower Street, Suite 660
Los Angeles, California 90071
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiffs JOSE
FERNANDEZ, ET. AL.

Mark R. Thierman, Cal. Bar No. 72913
(mark@thiermanbuc.com)
Joshua D. Buck, Cal. Bar No. 258325
(josh@thiermanbuck.com)
Leah L. Jones, Cal. Bar No. 276448
leah@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Attorneys for Plaintiffs JOSHUA B.
BOSWELL, ET. AL.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FERNANDEZ, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:17-cv-06104-MWF-JC <br> Judge: Hon. Michael W. Fitzgerald <br><br> Consolidated with Case No.: 2:17-cv-06120-GW-RAO <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF LOCAL RULE 83-1.4** |
| JOSHUA B. BOSWELL, ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, ET. AL.; <br><br> Defendant. | |

# I.

## Introduction

"The lady doth protest too much, methinks."  Shakespeare's Hamlet Act 3, scene 2, 222–230.

Defendants' tortured explanation for why they failed to disclose actions related to the instant case in violation of Local Rule (LR) 83-1.4 is cringeworthy. They fail to take responsibility for their lack of candor and try to call "no harm, no foul."  They also further attempt to mislead the Court into thinking that the distinction between the FLSA collective action mechanism and FRCP's Rule 23 class action procedures has any relevance to their responsibilities under LR 83-1.4. By Defendants' own admissions, they were at best 23 days tardy in disclosing a related action and, at worst, they were 197 days delinquent.

But, technically, Defendants are still in violation of LR 83-1.4.1.  The Rule states that "the attorney shall file a "Notice of Pendency of Other Actions or Proceedings"".  LR 83-1.4.2 sets forth the requirements for the Notice.[1]  Defendant have never filed such a document.  Instead, Defendants first "notified" the Court of the related actions in a response to the Court's Order to Show Cause Why Conditional Certification Should Not Be Granted, and in support of its opposition to the grant of conditional certification. (*See* ECF No. 58, at pp. 7-8)  This "notification" was used as an argument why the Court should not conditionally certify the FLSA class.  In other words, Defendants manipulated the fact that there

---

[1] L.R. 83-1.4.2 Notice - Contents. The Notice of Pendency of Other Actions or Proceedings shall contain: (a) A description sufficient to identify all other actions or proceedings; (b) The title of the court or administrative body in which the other actions or proceedings are pending; (c) The names of the parties or participants in such other actions or proceedings; (d) The names, addresses and telephone numbers of the attorneys in such other actions or proceedings; and (e) A brief factual statement setting forth the basis for the attorney's belief that the action involves all or a material part of the subject matter of such other actions or proceedings.

were pending related actions that covered the same potential FLSA class as an argument in support of its defense to conditional certification in this action. This demonstrates that Defendant's failure to disclose these related cases was a litigation strategy designed to keep the Court and the parties in the dark as to the *Flanagan* action proposed settlement. This is sanctionable conduct and Plaintiffs defer to the Court as to the appropriate sanction to be imposed.

II.

## BofA Has Been In Violation of LR 83-1.4 From As Early As August 2, 2018

In their opposition to Plaintiffs' Motion, Defendants disclose that another action involving the same proposed FLSA class as the one asserted in this consolidated action was filed on August 2, 2018, in federal court in Massachusetts. *See* Opp. at p. 4 (identifying *Ricciardi v. Bank of America Corp.*, et al., Case No. 18-11629 (D. Mass) (hereinafter "*Ricciardi* action")). The plaintiffs in the *Ricciardi* action alleged the same potential opt-in Class as here.[2]   The plaintiffs in both this

---

[2] **Compare** the FLSA Class asserted in the *Boswell* complaint:

> All Mortgage Loan Officers employed by Defendant in the United States within three years immediately preceding the filing of this action until the date of judgement after trial.

(ECF No. 1, Case No. 2:17-cv-06120) **with** the FLSA Class asserted in the *Riccardi* action:

> Plaintiffs bring the First Cause of Action, FLSA overtime claims, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Loan Officers at any location in the United States between August 2, 2018 and the final date of judgment, who elect to opt-in to this action (the "FLSA Collective").

(ECF No. 65-1, KohSweeny Dec. at ¶ 3, Ex B at p. 29).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF
LOCAL RULE 83-1.4

action and the *Ricciardi* action sought to send out Notice to the exact same people. The plaintiffs in the *Ricciardi* action moved for conditional certification on November 5, 2018 (ECF No. 58-1, KohSweeny Dec. at ¶ 3, Ex. A at pp. 3-4.).  This was approximately 1 ½ months after Plaintiffs had filed their motion for conditional certification (ECF No. 37) but prior to the Court's hearing on the motion for conditional certification, which was held on November 19, 2018 (ECF No. 45).

   Defendants argue that they had no duty to inform the Court of the *Ricciardi* action because of the mechanical difference between a FLSA collective action and a Rule 23 class action.  This argument is absurd and would defeat the purpose of LR 83-1.4.1's duty to disclose. The purpose behind LR 83-1.4.1 is to inform the Court so that it can properly manage its docket and potentially avoid conflicts with other courts.  The prospect of having a conditionally certified Class in this Court and a conditionally certified Class in another federal court would present a direct conflict. Notice would be sent to potential opt-in plaintiffs from two separate cases that cover the same claims.  Potential opt-in plaintiffs would then be expected to differentiate between the two cases, opting-in to one but not the other, or both, or neither.  It would be highly likely that opt-ins would get confused as to which action they had opted-in and who were their representatives.[3]  LR 83-1.4.1 is designed to prevent such a mess. Failing to disclose the *Ricciardi* action with this Court is a violation of LR 83-1.4.

---

[3] Defendants appear to agree.  In their response to this Court's OSC Why Conditional Certification Should Not Be Granted, Defendants try to persuade this Court to not grant conditional certification because of the pending related actions that they refused to disclose: "It would be inefficient and potentially confusing to LOs to receive two separate notices, regarding two separate cases, one of which has already settled."  (ECF No. 58, at p. 8).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF LOCAL RULE 83-1.4

## III.

### BofA Had A Duty To Disclose The *Flanagan* Action As Soon As The Amended Complaint Was On File And It Sought To Release All California Wage-Hour Claims

Defendants contend that they did not have a duty to disclose the *Flanagan* action because (1) that action did not initially allege an FLSA claim or California claims like those alleged here and (2) the FLSA and California claims were added to the *Flanagan* action only after Defendants agreed to a global resolution in that action. *See* Opp. at p. 5.

Even if Defendants did not initially have duty to disclose the *Flanagan* action to this Court when that action was originally filed, they definitively did have a duty to timely disclose the addition of the FLSA and California claims to this Court when they were added on January 22, 2019.[4]  Defendants were yet again derelict in their duty because they failed to even mention the *Flanagan* action until their opposition to the Court's Order to Show Cause Why Conditional Certification Should Not Be Granted (ECF No. 58), which was 23 days after the amended complaint was filed in *Flanagan*.  And Defendants' "disclosure" was not in compliance with the LR's,

---

[4] While the first time the FLSA and California claims and classes publicly appeared on the docket in the *Flanagan* action was when the plaintiffs in that action filed the amended complaint, Defendants knew about the overlap of the claims being asserted and released in the *Flanagan* action as early as December 21, 2018—when Defendants executed the memorandum of understanding to resolve the FLSA and California claims.  Opp. at p. 5.  Indeed, it is quite likely that Defendants and the plaintiffs in the *Flanagan* action actively sought out a California plaintiff to be added to the *Flanagan* action so as to effectively "dispose of" the claims asserted in this action.  To the extend Defendants assert that they did not know about the FLSA and California claims to be asserted in the *Flanagan* action prior to the settlement agreement, this lack of knowledge demonstrates that the inclusion of the California class in the settlement is nothing but a sham and there was no value placed on those claims.

whereby a formal "Notice of Pendency of Other Actions or Proceedings" with specific contents is required (*see* LR 83-1.4.2), but instead came in the form of an argument why the Court was wrong to reconsider its prior order denying conditional certification. In other words, Defendant was using the fact that there was another pending case that covered the same classes of persons as justification why the FLSA Class should not be certified in this action.  Indeed, in their opposition to the Court's OSC, Defendants stated:

> Separate and apart from the fact that *Campbell* does not support a reversal of this Court's Order denying conditional certification, ***a reversal of the Order would have little effect in any event.*** This is because the vast majority of LOs who would be eligible to participate in any certified collective are covered by a currently pending class and collective action settlement ***that disposes of the FLSA overtime claims for all but a small fraction of the putative collective.***

(ECF No. 58 at p. 3; *see also id.* at p. 7) ("[E]ven if this Court were to reverse the Order and grant conditional certification, such a ruling would have only limited effect because the Bank has entered into a class and collective action settlement in a different case that covers the FLSA overtime claims of the vast majority of LOs who would be eligible to participate as members of any collective action in this case."). Again, Defendants failure to notify this Court in a timely fashion after the *Flanagan* action was amended to include both FLSA claims and California claims that covered the same putative classes of individuals in this action was a violation of its duty under the Local Rules. Furthermore, Defendants' attempt to use the undisclosed action as an argument in their favor illustrates that the violation was not harmless or without intention. Instead, it demonstrates a tactical decision to ignore the Local Rules so that it could effectively "dispose of" the claims in this case.  Defendants' improper conduct is not benign, its sanctionable.

## IV.

### Conclusion

For all the reasons set forth above, Defendants' candor to this court has been lacking and not in compliance with the Local Rules.  Accordingly, Defendants should be found to be in violation and sanctioned for their improper conduct.  Plaintiffs believe that the payment of attorneys fees for all the work performed in this action since the date Defendants first should have notified this Court about the related *Ricciardi* action would be the minimum deterrent against future violations.  Nevertheless, Plaintiffs defer to the Court to impose an appropriate sanction.

Respectfully Submitted,

Dated: March 25, 2018      **THIERMAN BUCK LLP**

By:    /s/ Mark R. Thierman
Mark R. Thierman
Attorney for Plaintiffs

Dated:  March 25, 2018      **HAFFNER LAW PC**

By:  /s/ Joshua H. Haffner
Joshua H. Haffner
Attorney for Plaintiffs

**STEVENS, LC**

Dated:  March 25, 2018

By:  /s/ Paul D. Stevens
Paul D. Stevens
Attorney for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF
LOCAL RULE 83-1.4