APALLA U. CHOPRA (S.B. #163207)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California, 94111-3823
Telephone: (415) 984-8912
Facsimile: (415) 984-8701

Attorneys for Defendants
Bank of America, N.A. and
Bank of America Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FERNANDEZ et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A, et al. <br><br> Defendants. <br><br> JOSHUA B. BOSWELL et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A, et al. <br><br> Defendants. | Case No. 2:17-cv-06104-MWF-JC <br><br> **DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO ADD KAREN LAMBROSE AND WARDA RUHIN AS PUTATIVE CLASS REPRESENTATIVES** <br><br> Consolidated with Case No.: 2:17-cv-06120-GW-RAO <br><br> Hearing Date: April 22, 2019 <br> Time: 10:00 AM <br> Courtroom: 5A <br> Before: Hon. Michael W. Fitzgerald |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

ARGUMENT .................................................................................................................... 3

    I.    THIS COURT LACKS JURISDICTION TO CONSIDER PLAINTIFFS' MOTION BECAUSE IT PERTAINS TO AN ASPECT OF THE CASE THAT IS NOW ON APPEAL .................... 3

    II.    ADDING NEW CLASS REPRESENTATIVES AT THIS STAGE OF THE LITIGATION WOULD PREJUDICE DEFENDANTS. ........................................................................................ 5

    III.    IF THIS COURT DOES GRANT PLAINTIFFS' MOTION, THE BANK IS ENTITLED TO PROVIDE A SEPARATE ANSWER TO THE AMENDED COMPLAINT. ................................ 7

CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Atlantic Recording Corp.*,
  2010 WL 125961 (D. Or. Jan. 6, 2010) .............................................................. 6

*Barnhart v. FasTax, Inc.*,
  2016 WL 7971240 (D. Or. May 4, 2016) ........................................................... 6

*Brand v. United States*,
  2015 WL 7067852 (D. Ariz. Sept. 15, 2015) ...................................................... 7

*Carlson v. Anka Behavioral Health, Inc.*,
  2012 WL 2196337 (N.D. Cal. June 14, 2012) .................................................... 6

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*
  254 F.3d 882, 886 (9th Cir. 2001) ...................................................................... 3

*Doe 1-13 ex rel Doe Sr. 1-13 v. Bush*,
  261 F.3d 1037 (11th Cir. 2001) .......................................................................... 3

*Fernandez et al. v. Bank of America, N.A.*,
  Appeal No. 18-80187, ECF 1 (9th Cir. Dec. 11, 2018) ...................................... 2

*Grant v. Houser*,
  469 Fed. App'x 310 (5th Cir. 2012) ................................................................... 3

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ......................................................................................... 1, 3

*Hancock v. Chicago Title Ins., Co.*,
  2010 WL 3766695 (N.D. Tex. Sept. 28, 2010) .................................................. 3

*Huftile v. Miccio-Fonseca*,
  2006 WL 3544298 (E.D. Cal. Dec. 8, 2006) ...................................................... 7

*Synopsys, Inc. v. Magma Design Automation, Inc.*,
  2005 WL 8153035 (N.D. Cal. Oct. 19, 2005) .................................................... 7

**RULES**

Rule 23 .................................................................................................................... 4

Rule 23(a)(3) ........................................................................................................... 1

# INTRODUCTION

This Court lacks jurisdiction to consider Plaintiffs' motion for leave to amend to add two new class representatives because the issue of class certification is currently on appeal to the Ninth Circuit. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (an appeal is an "event of jurisdictional significance" that "divests the district court of its control over those aspects of the case involved in the appeal.")  The only basis Plaintiffs assert for adding two new class representatives is their effort to address this Court's conclusion that the current Plaintiffs failed to satisfy the typicality requirement of Rule 23(a)(3) with respect to Lending Officers who were reclassified to non-exempt positions in November 2016.  Indeed, Plaintiffs' motion for leave to amend was filed concurrently with their motion to reconsider this court's denial of class certification. (Dkt. No. 68.)  Their motion for leave to amend is therefore inextricably intertwined with the issue of class certification.  One day after filing these motions, the Ninth Circuit granted Plaintiffs' Rule 23(f) petition. (Dkt. 69.)  As a result, Plaintiffs' withdrew their motion for reconsideration. (Dkt. 73.)  Inexplicably, they have refused to do the same with respect to their motion for leave to amend.  This Court lacks jurisdiction to grant the motion for leave to amend, and the motion should therefore be denied.

Even setting aside this Court's lack of jurisdiction, the motion should also be denied because the proposed amendment is prejudicial to Defendants Bank of America Corporation and Bank of America, N.A. ("the Bank").  Plaintiffs have, collectively, already filed *two* motions for class certification and have engaged in extensive class-related discovery, including six depositions.  It would be prejudicial to the Bank to add new class representatives now, which would require further discovery relating to the claims of these two new proposed plaintiffs.  The fact that an appeal is currently pending on class certification only reinforces the prejudice to the Bank, as the outcome of the appeal could render the addition of these

individuals futile. For this additional reason, Plaintiffs' motion should be denied.

## BACKGROUND

Plaintiff Boswell filed a motion for class certification on February 23, 2018. (Dkt. 26 in CV 17-1620.) The Bank opposed the motion on March 26, 2018. (Dkt. 29 in CV 17-1620.) On April 6, 2018, this Court granted Plaintiffs' motion to consolidate these two cases and denied Plaintiff Boswell's motion for class certification without prejudice. (Dkt. 29.)

On September 14, 2018, Plaintiffs filed a joint motion for class certification. (Dkt. 36.) The Bank opposed the motion on October 29, 2018. (Dkt. 39.) On November 27, 2018, this Court denied Plaintiffs' motion on four separate grounds. (Dkt. 46 at 2.) First, the Court found that Plaintiffs failed to satisfy commonality because they did not point to "***any*** 'common answers apt to drive the resolution'" of the class action. (*Id.* at 10.) (emphasis added) Second, the Court held that Plaintiffs did not satisfy the typicality requirement because no Plaintiff reclassified as non-exempt by the Bank in November 2016. (*Id.* at 11-12.) Additionally, the Court agreed with the Bank that Plaintiffs' claims would require individual inquiries as to each class member regarding exempt status. (*Id.* at 16-17.) Therefore, Plaintiffs could not satisfy the predominance requirement of 23(b)(3). (*Id.* at 19.) Finally, the Court held that Plaintiffs' did not satisfy the superiority requirement because litigating Plaintiffs' claims would require "countless individual inquiries" and "hundreds of mini-trials" that would be unmanageable. (*Id.*)

On December 11, 2018, Plaintiffs sought permission from the Ninth Circuit to appeal this Court's denial of class certification. *See Fernandez et al. v. Bank of America, N.A.*, Appeal No. 18-80187, ECF 1 (9th Cir. Dec. 11, 2018). Plaintiffs' 23(f) petition challenges this Court's findings related to commonality, typicality, and predominance. (*See id.*) On March 21, 2019, the Ninth Circuit granted Plaintiffs' petition. (Dkt. 69.) One day before the Ninth Circuit granted their

petition, Plaintiffs filed the instant motion seeking to add two class representatives. (*See* Mot.) Plaintiffs bring this motion on the ground that the addition of two named representatives would "address this Court's concern with typicality." (*Id.* at 6.) Plaintiffs do not identify any other basis for their request to add two new parties at this late stage of the litigation.

Concurrently with their filing of the instant motion, Plaintiffs filed a motion for reconsideration of this Court's class certification order. (Dkt. 68.) In that motion, Plaintiffs argued, in part, that reconsideration was warranted based on the addition of these new representatives. (*Id.* at 8-10.) On March 25, 2019, Plaintiffs withdrew the motion to reconsider in light of the Ninth Circuit's granting of their Rule 23(f) petition. (Dkt 73.)

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO CONSIDER PLAINTIFFS' MOTION BECAUSE IT PERTAINS TO AN ASPECT OF THE CASE THAT IS NOW ON APPEAL.

Plaintiffs' proposed addition of new plaintiffs who were classified as non-exempt after November 2016 is intended to cure this Court's typicality concerns—Plaintiffs have not and cannot identify any other reason to add new class representatives. (*See* Mot. at 3.) However, because this Court's order denying class certification is currently on appeal (Dkt. 69), this Court lacks jurisdiction to reconsider class certification and may not take any action that could affect the class certification analysis. *See Griggs*, 459 U.S. at 58 (an appeal "divests the district court of its control over **those aspects of the case involved in the appeal**."); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 886 (9th Cir. 2001) (holding that, where appeal is discretionary, the district court retains jurisdiction only "until a court of appeals grants a party permission to appeal," and that, thereafter, the district court is divested "of jurisdiction over the particular issues involved in that appeal"); *Doe 1-13 ex rel Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1065 (11th Cir. 2001) (vacating a district court's class certification

order because it "directly impacted one of the questions proffered for review."); *Grant v. Houser*, 469 Fed. App'x 310, 314 (5th Cir. 2012) (vacating a district court order that decided issues the appeals court "was deciding at the same time."); *Hancock v. Chicago Title Ins., Co.*, 2010 WL 3766695 (N.D. Tex. Sept. 28, 2010) (denying motion to voluntarily dismiss the case because "the question whether to grant voluntary dismissal [was] unavoidably [] an aspect of the case involved in the appeal.").

There can be no dispute that adding new class representatives would interfere with an aspect of the case involved in the appeal. In denying class certification, this Court found that Plaintiffs had failed to satisfy the commonality, predominance, superiority and typicality requirements of Rule 23. (Dkt. 46.) If the Ninth Circuit affirms this Court's decision on any ground other than typicality, the addition of the proposed new class representatives will not make a difference to the outcome. For example, if the Ninth Circuit concludes that this Court correctly determined that Plaintiffs' failed to satisfy the predominance requirement, the addition of new class representatives will be futile as it will not overcome Plaintiffs' failure to satisfy predominance—a failure fatal to their class certification efforts. If the Ninth Circuit reverses this Court's decision on the ground that Plaintiffs have in fact satisfied the typicality requirement, then the addition of the proposed new plaintiffs will likewise be futile—if Plaintiffs are able to satisfy typicality, there will be no need to add additional class representatives.

There is only one circumstance in which the Ninth Circuit's decision will not preclude the addition of new class representatives, and that is if the Ninth Circuit concludes that this Court erred in not allowing Plaintiffs to seek out new class representatives to cure this Court's conclusion that Plaintiffs had failed to satisfy the typicality requirement. However, the Ninth Circuit will not be able to effectively decide this issue if this Court preemptively grants Plaintiffs leave to add new class representatives now.

There is no scenario in which the Ninth Circuit's decision will not affect the propriety of allowing Plaintiffs to add new class representatives. This Court therefore lacks jurisdiction to grant Plaintiffs' motion while the appeal is pending.

## II. ADDING NEW CLASS REPRESENTATIVES AT THIS STAGE OF THE LITIGATION WOULD PREJUDICE DEFENDANTS.

In addition to the fact that this Court lacks jurisdiction to grant the motion (which provides reason enough to deny it), Plaintiffs' motion should also be denied because adding new representatives at this stage of the litigation would be prejudicial to the Bank. As Plaintiffs concede, prejudice to a defendant is the most important consideration. (Mot. at 4.) The Bank would be prejudiced by the addition of new plaintiffs now because the parties have already litigated the issue of class certification twice, and an appeal is currently pending that may make the addition of new plaintiffs futile.

The Bank has already opposed *two* motions for class certification by Plaintiffs. Plaintiff Boswell filed a motion for class certification in February 2018, which the Bank opposed in March 2018, and which was denied without prejudice in April 2018, after these cases were consolidated. (Dkt. 29). Following consolidation, the Bank produced documents relating to the named Plaintiffs and the parties completed six depositions, including depositions of each named Plaintiff and of three 30(b)(6) witnesses. Then, in September 2018, Plaintiffs Boswell, Fernandez and Yong filed a joint motion for class certification. (Dkt. 36.) The Court denied that motion on November 28, 2018 (Dkt. 46), and the decision is now on appeal. (Dkt. 69.) Given the amount of time and resources that have already been spent litigating the issue of class certification, Plaintiffs should not be entitled to yet a third bite at the apple.

While Plaintiffs assert that courts "routinely" add or substitute class representatives (Mot. at 5), none of the cases Plaintiffs cite involved a motion to amend *after* the court had already denied class certification. In fact, in one of the

cases Plaintiffs cite, the court emphasized that it only agreed to add a class representative because the case "remain[ed] at an early procedural stage" since the court had not set "a deadline for filing a motion for class certification." *Carlson v. Anka Behavioral Health, Inc.*, 2012 WL 2196337, *2 (N.D. Cal. June 14, 2012). Where class certification has already been denied (here, twice), courts look upon requests to add new class representatives "less favorably than typical motions to amend." *Barnhart v. FasTax, Inc.*, 2016 WL 7971240, at *3 (D. Or. May 4, 2016) (denying leave to add a class representative after denial of class certification); Given the stricter standard that applies here, and the prejudice to the Bank that would result, Plaintiffs' motion should be denied.[1] *See Anderson v. Atlantic Recording Corp.*, 2010 WL 125961, at *2 (D. Or. Jan. 6, 2010) (denying leave to add a class representative because the court had already "expended significant resources" over several years, and "the parties would likely litigate as to the suitability of the new representative.").

Moreover, to allow Plaintiffs to add new class representatives while the appeal of this Court's class certification order is pending would require the Bank to pursue discovery relating to these new plaintiffs before it is even clear whether the addition of class representatives is appropriate. As established above, there are a number of scenarios under which the Ninth Circuit's decision will render the addition of new class representatives futile. It would be prejudicial to the Bank to allow the addition of new plaintiffs now, while the appeal is pending, effectively forcing the Bank to pursue discovery relating to these individuals that may prove

---

[1] In addition, as set forth in the Bank's opposition to Plaintiffs' motion for sanctions (Dkt. 65), a separate putative class action involving non-exempt lending officers employed by the Bank is currently pending before another California district court—*Tripes v. Bank of America, N.A.*, No. 18cv1250-JM(RBB) (N.D. Cal.). The plaintiff in *Tripes* recently filed a motion for class certification. *Id.* at Dkt. 28 (Mar. 18, 2019). Adding non-exempt plaintiffs here would create overlap with *Tripes* that does not currently exist, and could result in overlapping classes.

unnecessary.

### III. IF THIS COURT DOES GRANT PLAINTIFFS' MOTION, THE BANK IS ENTITLED TO PROVIDE A SEPARATE ANSWER TO THE AMENDED COMPLAINT.

Plaintiffs argue that this Court should deem the Bank's answer to Plaintiffs' original complaint as the responsive pleading to any amended complaint. (Mot. at 7.) However, Plaintiffs' suggestion is the very limited exception rather than the rule. Courts in the Ninth Circuit consistently hold that a new answer or motion to dismiss is appropriate when plaintiffs file an amended complaint. *See Synopsys, Inc. v. Magma Design Automation, Inc.*, 2005 WL 8153035, at *2 (N.D. Cal. Oct. 19, 2005) ("Rule 15(a) also provides that when an amended complaint is filed, a party 'shall plead in response to' the amended pleading, and thus requires the filing of a new answer in response to an amended complaint."); *Huftile v. Miccio-Fonseca*, 2006 WL 3544298, at *1 (E.D. Cal. Dec. 8, 2006) (setting a deadline for defendant to file an answer or new motion to dismiss an amended complaint); *Brand v. United States*, 2015 WL 7067852, at *2 (D. Ariz. Sept. 15, 2015) ("Regardless of whether the plaintiffs are correct that their amended complaint did not require an amended answer and counterclaim because it did not contain any new facts, the United States has the right to file a responsive pleading to an amended complaint."). While, for the reasons established above, Plaintiffs' motion should be denied, to the extent this Court grants the motion, the Bank is entitled to file a separate response to any amended complaint that adds new plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: April 1, 2019 | O'MELVENY & MYERS LLP |
| 2 | | By:  /s/ Adam P. KohSweeney |
| 3 | |      Adam P. KohSweeney |
| 4 | | Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation |